(68 App. Div. 259.)

NIES v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   January 17, 1902.)

1. APPEAL—PRESUMPTION.
    On appeal from a judgment of nonsuit plaintiff is entitled to the most favorable construction which the jury could properly have placed on the evidence.

2. STREET RAILWAYS—NEGLIGENCE OF PASSENGER.
    A passenger on an open street car, having rung for the car to stop, and assuming that it would stop at the nearest side of a street which it was approaching, stepped out on the footboard, and the jolting of the car on passing over intersecting tracks threw him from the footboard. There was no evidence that the crossing was made at unusual speed. There was a sign in the vicinity which said "Stop," but it was not shown that the direction was to the motormen, or that it directed the car to stop at any particular point. *Held*, in an action for the injuries, that a nonsuit was proper.

3. SAME—PLEADING—EVIDENCE—ISSUES.
    An offer to prove that the condition of the tracks was bad where they intersected, and that by reason of such a condition plaintiff was thrown from the footboard, was properly excluded, no such negligence being charged in the complaint.

    Bartlett and Hirschberg, JJ., dissenting.

Appeal from special term, Kings county.

Action by Philipp Nies against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry Escher, Jr., for appellant.
I. R. Oeland, for respondent.

WOODWARD, J.   The plaintiff was nonsuited in this action, and upon a review in this court is entitled to the most favorable construction which the jury might properly have placed upon the evidence; but under this rule we are of opinion that the plaintiff has failed to establish a cause of action. The evidence indicates that the plaintiff was a passenger upon one of the defendant's cars running upon Third avenue, in the borough of Brooklyn, going north, at about 7 o'clock in the evening, August 7, 1899, having boarded the car at or near Forty-Fourth street. The plaintiff says that when at Nineteenth street the conductor asked him where he wanted to get off, and he replied at Fifteenth street. There is a short block between Fifteenth and Sixteenth streets, and the plaintiff, assuming that the car was going to stop on the south side of Fifteenth street, got out on the running board of the open car, and while in that position he signaled the conductor to stop the car. The car was running at a fair rate of speed,—as fast as a man could run,—and the conductor pulled the bell cord. For some reason the motorman did not attempt to stop the car, but put on more power, and ran over the crossing of Fifteenth street, which was occupied by another line of surface railroad. In passing over this line of tracks the car, we may assume, jolted the plaintiff off from the running board, and he was

injured. There is no evidence in the case that the car had slowed down for the purpose of permitting the plaintiff to alight; on the contrary, it appears that the car did not slack up, but that the speed was increased to pass over the Fifteenth street tracks. So that we have the situation of the plaintiff leaving a perfectly safe position in the car, and taking a place upon the running board, and while in this position signaling for the car to stop. Instead of stopping at the point where the plaintiff seems to have expected it would stop, the car passed on over the other tracks, and in doing so there was the usual jolting, resulting in the accident. There was evidence that there was a sign somewhere in the vicinity which said "Stop," but it was not shown that the direction was to the defendant's motormen, or that it directed the car to stop at any particular point. The most that can fairly be said of the evidence is that it indicated that the motorman had his car in control as it approached the crossing of Fifteenth street, and, finding the crossing clear, the car passed on over the tracks in the usual manner. There is no evidence that the crossing was made in an unusual manner, and it can hardly be said to be negligence, in so far as a passenger is concerned, for a street car not to stop at the point where the passenger expects it to stop. If some one had been injured at the crossing by a collision, the question might be presented in another light; but the plaintiff, having taken a place upon the running board before giving the signal to stop, must be deemed to have accepted the risk of his position, and the defendant cannot be reasonably charged with negligence because the car proceeded further than the plaintiff expected before coming to a standstill to let him off. So long as there was no conduct on the part of the motorman to mislead him, and the defendant had provided him a perfectly safe place in which to ride, it cannot be charged with negligence in not stopping at a particular point.

It may be that, had the plaintiff offered evidence to show that the crossing was in such a condition that it was negligent to pass over it at a rate of speed maintained by the defendant, there would be some merit in the suggestion of error in refusing to permit evidence as to the condition of the crossing at Fifteenth street; but the plaintiff declared that it was his purpose to offer the evidence to show "that the condition of these tracks was bad, that they were in poor condition, and that it was by reason of that condition of the tracks that this man was thrown off in running across." This negligence was not charged in the complaint, and the evidence was not proper for this purpose, though it might have been as bearing upon the manner in which the cars should be operated over the crossing. There is no evidence in the case that any one in the car was disturbed by the crossing; no evidence that the crossing was made at an unusual rate of speed, or without the exercise of that degree of care which the defendant was bound to exercise in taking care of its passengers who were occupying the places afforded for the accommodation of passengers, and we are of the opinion that there was no evidence upon which a jury might properly have found a verdict for the plaintiff.

The judgment appealed from should be affirmed, with costs. All concur, except BARTLETT and HIRSCHBERG, JJ., who dissent.

WILLARD BARTLETT, J. (dissenting). I think that the evidence of the defendant's negligence in this case was sufficient to require its submission to the jury. Before the plaintiff left his seat and took his place upon the running board, he had notified the conductor that he desired to stop at the street which the car was then approaching. After reaching the running board, he signaled the conductor to stop, and the conductor responded to this signal by ringing the bell. The motorman appears to have paid no attention to the bell, but went on over intersecting tracks at a speed sufficient to produce "a kind of a jerk and a start," which, according to the testimony of the witness John A. Owens, "fired" the plaintiff right off into the street. The conduct of the plaintiff in getting down upon the running board as he approached the place where the conductor knew he desired to stop cannot be deemed contributory negligence as matter of law; nor was there anything in his subsequent action which requires the legal inference that he was guilty of negligence contributing to the accident, although, of course, the jury, if the question had been left to them, might have found the plaintiff guilty of contributory negligence as matter of fact.

In view of the presumptions which prevail in favor of the plaintiff upon a nonsuit, I think a new trial should be granted.

HIRSCHBERG, J., concurs.